UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RYAN S. NEAL, )<br>            )<br>     Plaintiff, )<br>            )<br>  vs.       )<br>            )<br>            )<br>JEFFERSON COUNTY JAIL, )<br>            )<br>     Defendant. ) | 2:10-cv-0080-WTL-TAB |

**Entry and Order Directing Dismissal of Action**

Because Neal is a prisoner as defined by 28 U.S.C. § 1915(h), his complaint must be screened pursuant to 28 U.S.C. § 1915A(b). *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999)("A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'")(quoting 28 U.S.C. § 1915A(b)(1).

Neal is currently confined at the Wabash Valley Correctional Facility, an Indiana prison, but was previously confined at the Jefferson County Jail ("Jail"). It is the Jail which is the sole defendant in this action brought pursuant to 42 U.S.C. § 1983. Neal alleges that on February 17, 2008, he was injured as a result of the defendant's negligence through unsafe security measures, and that on the following day he was treated at an outside hospital and found to be suffering from severe swelling and bruising on his ankles. He seeks compensatory and punitive damages.

Neal's complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004).

Neal's complaint is deficient under both prongs of the above. The Jail is not a "person" subject to suit under § 1983. *Marbry v. Corr. Med. Serv.,* 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *Ferguson v. Dallas County Jail,* 1997 WL 86459, at *1 (N.D.Tex. Feb. 26, 1997) (finding that county jail lacks separate jural existence and is not a separate entity subject to suit). Additionally, plaintiff alleges negligence, which is not actionable under § 1983, *Davidson v. Cannon,* 474 U.S. 344, 347-48 (1986), and alleges it in purely conclusory terms, which is not sufficient to support a plausible claim for relief.

      For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable federal claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

      Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/18/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana